UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE TRAVELERS INDEMNITY COMPANY,

                                Plaintiff,

-against-

ACCREDITED SURETY AND CASUALTY COMPANY
and ILLINOIS UNION INSURANCE COMPANY,

                                Defendants.
------------------------------------------------------------------X

Docket No.:

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, THE TRAVELERS INDEMNITY COMPANY ("Travelers"), and for its Complaint for Declaratory Judgment against Defendants, ACCREDITED SURETY AND CASUALTY COMPANY ("Accredited") and ILLINOIS UNION INSURANCE COMPANY ("Chubb"), alleges upon information and belief as follows:

### Nature of the Action

1. Travelers is providing a defense to J.T. Magen & Company Inc. ("J.T. Magen"), One Vanderbilt Owner LLC ("One Vanderbilt"), and Stone Ridge Asset Management LLC ("Stone Ridge") in a lawsuit entitled *Ignatius F. Mule v. Greenberg Traurig, LLP, et al.*, in the Supreme Court of the State of New York for the County of New York which was assigned Index No. 153541/2022 (the "Underlying Action").

2. In the instant action, Travelers seeks a declaration that (i) Accredited is obligated to defend and to indemnify J.T. Magen, One Vanderbilt, and Stone Ridge in the Underlying Action, as additional insureds under a policy of insurance issued by Accredited, on a primary and non-contributory basis; and (ii) Chubb is obligated to defend and indemnify J.T. Magen, One

1

Vanderbilt, and Stone Ridge in the Underlying Action, as additional insureds under a policy of insurance issued by Chubb, on a primary and non-contributory basis.

3. In addition, Travelers seeks a declaration that it is entitled to judgment for all defense and indemnity costs it has incurred and continues to incur in connection with the Underlying Action.

## Parties

4. At all times relevant hereto, Travelers was and is a Connecticut corporation licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

5. Upon information and belief, at all times relevant hereto, Accredited was and is a Florida corporation with a principal place of business in Orlando, Florida.

6. Upon information and belief, at all times relevant hereto, Chubb was and is an Illinois corporation with a principal place of business in Chicago, Illinois.

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. section 1332 and 28 U.S.C. Section 2201.

8. In the Underlying Action, Ignatius F. Mule (the "Claimant") seeks to recover for alleged personal injuries including but not limited to traumatic brain injury with cognitive defects, anxiety and depression, cervical disc herniation at C3-4 and bulges at C2-3, C4-5, C5-6 and C6-7, lumber disc bulges at L3-4, L4-5 and L5-S1, rotator cuff and labrum tears, a torn meniscus in the right knee, and sprains/strains of the right elbow, both hips, and the left knee. Therefore, the purported value of the Underlying Action exceeds $75,000.00.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred here.

10. An actual justiciable controversy exists between the parties as to the coverages afforded under the insurance policies issued by Accredited and Chubb.

11. Travelers has no adequate remedy at law.

## Policies

12. Upon information and belief, Accredited issued to Donaldson Interiors, Inc. ("Donaldson") a policy of Commercial General Liability insurance bearing policy number 1-TPM-NY-17-01239823-GL02 with effective dates of 2/1/22 to 2/1/23 (the "Accredited Policy").

13. Upon information and belief, subject to certain terms, conditions, and exclusions, the Accredited Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

14. Upon information and belief, the Accredited Policy contains an ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION endorsement (CG 20 10 04 13) that provides, in relevant part:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| Name Of Additional Insured Person(s) Or Organization(s) | Location(s) Of Covered Operations |
|---|---|
| One Vanderbilt Owner LLC; One Vanderbilt Mezz LLC; Green 317 Madison LLC; 331 Madison Fee Owner LLC; 48 E43 Fee Owner LLC; Maritime Investment Company, LP; 51 E42 Owner LLC; 51 E42 GP Owner LLC; 51 E. 42 Interest Owner, LLC; OVA Investor LLC; Summit OVA Tenant LLC; OVA Café Mezz LLC; OVA Restaurant Mezz LLC; OVA Sushi Mezz LLC; SL Green Realty Corp.; SL Green Operating Partnership L.P.; SL Green Management LLC; SL Green Management Corp.; SL Green Leasing LLC; Stone Ridge Asset Management LLC; New York Digital Investment Group LLC; TKO Project Management; Gensler; J.T. Magen & Company Inc. | 1 Vanderbilt Avenue, New York, NY 10017 |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

    **A. Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
       1. Your acts or omissions; or
       2. The acts or omissions of those acting on your behalf;
in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

    15.    Upon information and belief, the Accredited Policy provides coverage to J.T. Magen, One Vanderbilt, and Stone Ridge as additional insureds on a primary and non-contributory basis.

    16.    Upon information and belief, Chubb issued to Lawrence B. Wohl, Inc. ("Wohl") a policy of Commercial General Liability insurance bearing policy number G46844294 005 with effective dates of 12/7/21 to 12/7/22 (the "Chubb Policy").

    17.    Upon information and belief, subject to certain terms, conditions, and exclusions, the Chubb Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

    18.    Upon information and belief, the Chubb Policy contains an ADDITIONAL

4

INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION endorsement (CG 20 10 04 13) that provides, in relevant part:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| Name Of Additional Insured Person(s) Or Organization(s) | Location(s) Of Covered Operations |
|---|---|
| As required by written contract signed prior to loss. | |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. ||

    **B. Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
    1. Your acts or omissions; or
    2. The acts or omissions of those acting on your behalf;
in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

19. Upon information and belief, the Chubb Policy provides coverage to J.T. Magen, One Vanderbilt, and Stone Ridge as additional insureds on a primary and non-contributory basis.

20. Travelers issued to J.T. Magen a policy of Commercial General Liability insurance bearing policy number VTC2K-CO-828K6622-IND-21 with effective dates of 9/30/21 to 9/30/22 (the "Travelers Policy").

21. Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

22. The Travelers Policy contains excess "other insurance" language that provides that coverage under the Travelers Policy is excess over any other coverage available as an additional

insured.

**Background Facts**

23. One Vanderbilt, as Building Owner, leased the 63rd through the 66th floors of One Vanderbilt Avenue, New York, New York (the "Premises") to Stone Ridge.

24. On or about February 25, 2020, Stone Ridge, as Owner, entered into an AIA Agreement with J.T. Magen, as Contractor, for the build out of its leasehold on the Premises (hereinafter referred to as the "Project").

25. By way of purchase order dated October 26, 2021 ("Donaldson Purchase Order"), J.T. Magen hired Donaldson to complete the carpentry work at the Project.

26. Pursuant to the Donaldson Purchase Order, Donaldson agreed to maintain commercial general liability insurance naming J.T. Magen, One Vanderbilt, and Stone Ridge as additional insureds on a primary and non-contributory basis.

27. By way of purchase order dated January 21, 2022 ("Wohl Purchase Order"), J.T. Magen hired Wohl to complete the insulation work at the Project.

28. Pursuant to the Wohl Purchase Order, Wohl agreed to maintain commercial general liability insurance naming J.T. Magen, One Vanderbilt, and Stone Ridge as additional insureds on a primary and non-contributory basis.

29. In the Underlying Action, the Claimant, who is an employee of Donaldson, alleges that, on March 21, 2022, he was injured while working on the Project as a result of an "electrical hazard."

30. In the Underlying Action, the Claimant asserts causes of action against Wohl, J.T. Magen, One Vanderbilt, and Stone Ridge seeking to recover for his injuries based on theories of negligence and violations of the New York Labor Law and the New York Industrial Code.

31.     Travelers is defending J.T. Magen, One Vanderbilt, and Stone Ridge in connection with the Underlying Action.

### Tenders to Accredited and Chubb

32.     By letter correspondence dated May 25, 2022, Travelers tendered the defense and indemnity of J.T. Magen, One Vanderbilt, and Stone Ridge to Accredited.

33.     By letter correspondence dated November 3, 2022, Accredited denied Travelers' tender.

34.     By email correspondence dated November 4, 2022 and March 28, 2023, Travelers retendered the defense and indemnity of J.T. Magen, One Vanderbilt, and Stone Ridge to Accredited.

35.     To date, Accredited has failed and refused to accept the defense and indemnity of J.T. Magen, One Vanderbilt, and Stone Ridge in connection with the Underlying Action.

36.     By letter correspondence dated May 25, 2022, Travelers tendered the defense and indemnity of J.T. Magen, One Vanderbilt, and Stone Ridge to Chubb.

37.     By letter correspondence dated October 3, 2022, Chubb denied Travelers' tender.

38.     To date, Chubb has failed and refused to accept the defense and indemnity of J.T. Magen, One Vanderbilt, and Stone Ridge in connection with the Underlying Action.

### Cause of Action for Declaratory Relief

39.     Travelers repeats, realleges, and incorporates each and every allegation contained in paragraphs "1" through "38" above as if fully set forth herein.

40.     J.T. Magen, One Vanderbilt, and Stone Ridge qualify as additional insureds under the Accredited Policy.

41.     J.T. Magen, One Vanderbilt, and Stone Ridge qualify as additional insureds under

the Chubb Policy.

42. J.T. Magen, One Vanderbilt, and Stone Ridge are entitled to defense under the Accredited Policy.

43. J.T. Magen, One Vanderbilt, and Stone Ridge are entitled to defense under the Chubb Policy.

44. J.T. Magen, One Vanderbilt, and Stone Ridge are entitled to indemnification under the Accredited Policy for any verdict or judgment rendered against them in the Underlying Action.

45. J.T. Magen, One Vanderbilt, and Stone Ridge are entitled to indemnification under the Chubb Policy for any verdict or judgment rendered against them in the Underlying Action.

46. The coverages provided to J.T. Magen, One Vanderbilt, and Stone Ridge under the Accredited Policy are primary and non-contributory with any coverage provided by the Travelers Policy.

47. The coverages provided to J.T. Magen, One Vanderbilt, and Stone Ridge under the Chubb Policy are primary and non-contributory with any coverage provided by the Travelers Policy.

48. Accredited has refused to fulfill its coverage obligations to J.T. Magen, One Vanderbilt, or Stone Ridge with respect to the Underlying Action.

49. Chubb has refused to fulfill its coverage obligations to J.T. Magen, One Vanderbilt, or Stone Ridge with respect to the Underlying Action.

50. Accordingly, Travelers seeks a declaration that Accredited has an obligation to defend and indemnify J.T. Magen, One Vanderbilt, and Stone Ridge as additional insureds; that the coverages provided by the Accredited Policy to J.T. Magen, One Vanderbilt, and Stone Bridge are primary to the coverage provided by the Travelers Policy; and that Travelers' obligations to

J.T. Magen, One Vanderbilt, and Stone Ridge in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Accredited Policy.

51. Travelers also seeks a declaration that Chubb has an obligation to defend and indemnify J.T. Magen, One Vanderbilt, and Stone Ridge as additional insureds under the Chubb Policy; that the coverages provided by the Chubb Policy to J.T. Magen, One Vanderbilt, and Stone Ridge are primary to the coverages provided by the Travelers Policy; and that Travelers' obligations to J.T. Magen, One Vanderbilt, and Stone Ridge in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Chubb Policy.

52. In addition, Travelers seeks an award at law and in equity against Accredited and Chubb for recovery of all sums Travelers has paid and continues to pay in the defense of J.T. Magen, One Vanderbilt, and Stone Ridge in the Underlying Action because the coverages provided by the Accredited Policy and the Chubb Policy are primary to any coverage provided by Travelers.

WHEREFORE, Travelers respectfully requests that this Honorable Court issue a judgment as follows:

1. Declaring that J.T. Magen, One Vanderbilt, and Stone Ridge are insureds under the Accredited Policy to whom Accredited owes coverage with respect to the Underlying Action;

2. Declaring that J.T. Magen, One Vanderbilt, and Stone Ridge are insureds under the Chubb Policy to whom Chubb owes coverage with respect to the Underlying Action;

3. Declaring that Accredited has a duty to defend J.T. Magen, One Vanderbilt, and Stone Ridge in connection with the Underlying Action;

4. Declaring that Chubb has a duty to defend J.T. Magen, One Vanderbilt, and Stone Ridge in connection with the Underlying Action;

5. Declaring that Accredited has a duty to indemnify J.T. Magen, One Vanderbilt, and

9

Stone Ridge in connection with the Underlying Action;

6. Declaring that Chubb has a duty to indemnify J.T. Magen, One Vanderbilt, and Stone Ridge in connection with the Underlying Action;

7. Declaring that Accredited's coverage obligations to J.T. Magen, One Vanderbilt, and Stone Ridge with respect to the Underlying Action are primary to any coverage provided by Travelers;

8. Declaring that Chubb's coverage obligations to J.T. Magen, One Vanderbilt, and Stone Ridge with respect to the Underlying Action are primary to any coverage provided by Travelers;

9. Declaring that the obligations of Travelers to J.T. Magen, One Vanderbilt, and Stone Ridge in connection with the Underlying Action are excess and non-contributory to those of Accredited;

10. Declaring that the obligations of Travelers to J.T. Magen, One Vanderbilt, and Stone Ridge in connection with the Underlying Action are excess and non-contributory to those of Chubb;

11. Awarding judgment against Accredited in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against J.T. Magen, One Vanderbilt and Stone Ridge in the Underlying Action;

12. Awarding judgment against Chubb in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against J.T. Magen, One Vanderbilt and Stone Ridge in the Underlying Action;

13. Awarding judgment against Accredited in an amount equal to any sums that Travelers may incur to resolve and indemnify J.T. Magen, One Vanderbilt and/or Stone Ridge for

the claims in the Underlying Action;

14. Awarding judgment against Chubb in an amount equal to any sums that Travelers may incur to resolve and indemnify J.T. Magen, One Vanderbilt and/or Stone Ridge for the claims in the Underlying Action;

15. Granting an award in favor of Travelers for the costs of suit incurred herein; and

16. Granting such other and further relief as the Court may deem just and proper.

Dated: March 9, 2026
Hartford, CT

USERY & ASSOCIATES

By: ＿＿/s/ Logan A. Carducci＿＿＿
Logan A. Carducci, Esq.
*Attorneys for Plaintiff—*
*The Travelers Indemnity Company*
Direct: 917.778.6680
Fax: 844.571.3789
Email: lcarducc@travelers.com

Please address all correspondence sent by mail to:
P.O. Box 2996
Hartford, CT 06104-2996

Physical Address:
485 Lexington Avenue, 6th Floor
New York NY 10017